HARDY, Judge.
This is a' compensation suit claiming total, permanent disability from a left inguinal hernia allegedly sustained by plaintiff in the course and scope of his employment. Named as the defendants are plaintiff’s immediate employer, Walter Penn, and the Sabine Lumber Company for whom Peiin was working as an independent contractor. From a judgment awarding compensation for a period not exceeding 400 weeks, defendants have appealed.
There is no question as to the fact that at the time of trial of this case plaintiff was suffering from a hernia and the only ques *473 tion which is here presented is whether the disability was sustained as the result of an accident which occurred within the course and scope of plaintiff’s employment by the defendant, Penn.
Plaintiff originally brought a suit, based upon his alleged injury, against the Sabine Lumber Company in which he alleged the occurrence of an accident on or about July 30, 1953, which suit was dismissed on a plea of prematurity. In his petition in the instant suit plaintiff claims' to have sustained his injury on or about the 8th day of _ August, 1953, but in his testimony plaintiff swore that he was injured sometime during the fourth week of July. This uncertainty on the part of plaintiff as to the time of his injury is only one of the numerous inconsistencies in connection with his testimony with reference to the accident. According to plaintiff he sustained the injury while pulling a cross-cut saw, which injury was manifested by a stinging in the vicinity of the groin and by acute pain. Plaintiff was indefinite as to the time of day but finally fixed the occurrence as being just before or just after the noon hour. Despite his alleged injury and the resulting acute pain, which he stated lasted for about twenty-four hours, it is not established that plaintiff made any complaint as to the accident, injury or pain. Plaintiff testified that at .the time he was working with one H. T. Taylor, who was his saw partner, but1 plaintiff’s brother, C. •M. 'Sanders, who was tendered as a witness in his behalf, testified that at the time in question he was plaintiff’s saw partner. It was brought out on trial that Taylor had removed to the State of California but that his address was known and the case was left open for the taking of his testimony by deposition on behalf of plaintiff. No deposition appears in the record, nor is any explanation given as to why it was not taken. Plaintiff failed to offer any acceptable testimony from any co-workers or fellow employees which had the slightest probative value in establishing the occurrence of the alleged accident. An additional circum-stance of some weight is found in the fact that plaintiff gave no notice of the. occurrence of the accident or injury to his employer for a period of more than seven months following the date upon which he contends the injury occurred. Plaintiff attempted to explain this circumstance on the ground that he did not know he had any right to make a claim against his employer. We find this explanation exceedingly difficult of belief. Plaintiff, a man of more than sixty-one years' of age at the time of the alleged accident, testified that he had received ari eighth grade education, arid he betrayed no evidence of that degree of ignorance which would indicate the probability that he was unfamiliar with the right of a workman to claim compensation, from his employer, which is á fact so well known, particularly to' all laborers, that it must be' accepted ás a matter of common knowledge.
 Analysis of. the record in this case leads us ,to the conclusion that plaintiff’.s contentions as to the accident and resulting injury are supported ;only by his own very unsatisfactory testimony. While it is well established that, in the absence of adverse and convincing testimony, the plaintiff’s otherwise unsupported claim is sufficient to sustain his recovery, we do not think this case falls within such a category. The established . circumstances and the inexplicable discrepancies in plaintiff’s own testimony preponderantly militate against the acceptance of plaintiff’s contention-. • The only support which plaintiff offered in addition to the conflicting testimony of his brother was tendered by, a Mr. and Mrs. Barnhill, the. latter being plaintiff’s niece. These witnesses knew nothing about the accident and little about plaintiff’s injury, and their testimony was almost entirely confined to the effort to substantiate plaintiff’s story as to the purchase of a truss support from a drug store in Natchitoches within a few days following the alleged occurrence of the injury.
By way of defense a number of witnesses were tendered, several of whom were co *474 workers with plaintiff at and about the time of the occurrence of the accident, and none of them had any knowledge of the incident nor had they heard any complaint or any statement of plaintiff as to the occurrence. Two of these witnesses testified that they, had been approached by plaintiff, in company with an unidentified man and woman, with some sort of proposal as to testifying that plaintiff had received the injury while working for the defendant, Penn. These and other witnesses for defendant testified that plaintiff had mentioned the fact that he had been ruptured and had commented on the circumstance that such an affection was a more or less common occurrence in his family.- On this point it is perhaps worthy to note that plaintiff testified on direct examination that of his six brothers only one was ruptured, but in rebuttal he testified that two of his six brothers were ruptured.
Plaintiff introduced by deposition the testimony of Dr. O. L. Sanders of Converse to the effect that upon the occasion of a physical examination in 1952 plaintiff was not suffering from hernia, but an examination in 'September of 1953 disclosed that plaintiff had a left inguinal hernia, as did a further examination in August, 1954. The importance of this testimony is considerably weakened by the admission of the witness that he had no records as to the dates of the examinations in question but was informed as to the approximate dates by plaintiff. This witness, however, testified that his second examination of plaintiff, at which time he discovered the existence of the hernia and which he believed, upon the basis of plaintiff’s representations, to have been made in 1953, was made sometime after plaintiff had been examined by Dr. R. S. Roy. The date of Dr. Roy’s first examination is definitely established in his deposition as March 1, 1954. The only effect of this testimony of the medical witnesses is to indicate that plaintiff was not suffering from a hernia on some indefinite date during the year 1952, but was found to be affected by a hernia on March 1, 1954. To say that this evidence supports the conclusion that plaintiff sustained the hernia during the five-week, period in which he was employed by defendant, Penn, in July and August of 1953, would be entirely unreason- . able.
We are convinced that plaintiff has failed to establish the occurrence of any accident within the course and scope of his employment by the defendant, Penn. To the contrary, the evidence definitely preponderates against such a claim.
For the reasons assigned the judgment appealed from is reversed and set aside and there is now judgment in favor of the defendants, Sabine Lumber Company, Inc., and Walter Penn, rejecting plaintiff’s demands at his cost.